## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
## NORTHWESTERN DIVISION

| | | |
|---|---|---|
| Dan and Leanne Abelmann, | ) | |
| | ) | |
| Plaintiffs, | ) | **ORDER REQUIRING DEFENDANT** |
| | ) | **TO DISCLOSE CITIZENSHIP** |
| vs. | ) | |
| | ) | |
| SmartLease USA, LLC, | ) | |
| | ) | Case No. 4:14-cv-040 |
| Defendant. | ) | |

This order is issued to permit the court to obtain the necessary information to determine whether diversity jurisdiction exists in this case. Federal courts are courts of limited jurisdiction. James Neff Kramper Family Farm P'ship v. IBP, Inc., 393 F.3d 828, 834 (8th Cir. 2005). Subject matter jurisdiction cannot be waived, and if it appears that subject matter jurisdiction is lacking, the court is obligated to consider the issue *sua sponte*. Id.; see Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

In the complaint, plaintiffs Dan and Leanne Abelmann allege that this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 over their claims for breach of contract, breach of fiduciary duty, and fraud against defendant SmartLease USA, LLC ("SmartLease") because plaintiffs are North Dakota citizens, defendant is a South Dakota citizen, and the amount in controversy exceeds $75,000. (Docket No. 1, ¶ 3). While the court is satisfied that the allegations in the complaint are sufficient to establish that plaintiffs are North Dakota citizens and that the amount in controversy exceeds $75,000, the allegations in the complaint are insufficient to establish that defendant is a citizen of South Dakota. The complaint states that "SmartLease is a South Dakota limited liability company having its principal place of business in South Dakota and is a citizen of South Dakota. . . . On information and belief, Steven Furst ("Furst"), Kent Guthrie ("Guthrie"), and Anthony

Marshall ("Marshall") are the principal owners/members and managing agents of SmartLease." (Docket No. 1, ¶ 2). It further alleges that Furst resided with the Abelmanns in North Dakota for approximately ten months at some time before this action was filed. (Docket No. 1, ¶ 7).

For purposes of diversity jurisdiction, a limited liability company's citizenship is determined by the citizenship of each of its members. GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 828-29 (8th Cir. 2004). Whether diversity exists is determined by the parties' citizenship at the time of filing. Scottsdale Ins. Co. v. Universal Crop Prot. Alliance, LLC, 620 F.3d 926, 931 (8th Cir. 2010) (citing Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570-71 (2004)). Neither the complaint nor any other filings submitted to this point contains sufficient information to permit the court to determine defendant's citizenship.

The court concludes that the most expedient way to obtain that information is to require defendant to provide it to the court. Accordingly, the court **ORDERS** that defendant shall file on or before September 12, 2014, a supplement identifying all members of defendant SmartLease, USA, LLC and each member's citizenship at the time of commencement of this action.

**IT IS SO ORDERED.**

Dated this 27th day of August, 2014.

> */s/ Charles S. Miller, Jr.*
> Charles S. Miller, Jr., Magistrate Judge
> United States District Court