# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Dan Abelmann and the Estate of Leanne Abelmann, as successor-in-interest to Leanne Abelmann, deceased<br><br>　　Plaintiffs and Counterclaim Defendants,<br><br>vs.<br><br>SmartLease USA, LLC,<br><br>　　Defendant, Counterclaimant, and Third-Party Plaintiff<br><br>vs.<br><br>Executive Housing Solutions, LLC; Ray Wurth, Don Gibson, and Richard Church a/k/a Chad Church, d/b/a Executive Housing Solutions, LLC; Ray Wurth, Don Gibson, Richard Church a/k/a Chad Church,<br><br>　　Third-Party Defendants | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**<br><br><br>Case No. 4:14-cv-040 |

Before the court is plaintiffs' motion for partial summary judgment and the court-permitted supplement. Plaintiffs seek an order that would do the following:

1. declare that defendant SmartLease materially breached and failed to perform its obligations under its lease with plaintiffs;

2. declare that plaintiffs properly terminated the lease;

3. evict SmartLease and its subtenant, third-party defendant Executive Housing Solutions, LLC; and

4. dismiss each count of SmartLease's counterclaim.

1

The court has carefully reviewed the pleadings, briefs, and record currently before it. With respect to plaintiffs' claims for relief, there appears to be material facts in dispute that preclude the court from granting summary judgment with respect to any of the claims, particularly when considering SmartLease's affirmative defenses.

As for SmartLease's counterclaim, the court reaches the same conclusion except for Count Four. SmartLease has now conceded it has no claim for tortious interference with its contract with DG Development since the contract was mutually rescinded. And, since that contract appears to be the only subject of Count Four, plaintiffs are entitled to a dismissal of that claim.

Defendant also argues that plaintiffs' concession with respect to Count Four also requires a dismissal of Count Five. The court disagrees. While the court is skeptical about any claim of tortious interference with SmartLease's business relationship with the Hegg Companies, it is not prepared based on the record currently before it to dismiss Count Five as it applies to that purported business relationship. Further, while perhaps not a model of pleading, it does appear that the Count Five claim of tortious interference with business relationship goes beyond whatever relationship SmartLease had with the Hegg Companies.

In reaching the foregoing conclusions, the court is expressing no opinion with respect to the relative merits any of the claims and defenses of any of the parties. As the court expressed during the last telephone conference, none of the parties should feel confident with respect to their positions. Further, given the complexity of the case and the convoluted dealings of the parties, the risk of court error is not insubstantial, with possible result being that any final resolution of this case could be years down the road following an appeal, a possible retrial, and subsequent appeal. The parties would be well advised to try settle this matter.

Based on the foregoing, plaintiffs' motion for summary judgment (Doc. No. 135 as supplemented by Doc. No. 158) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Count Four of defendant SmartLease's counterclaim is **DISMISSED**.

2. The remainder of plaintiffs' motion is **DENIED**.

**IT IS SO ORDERED**.

Dated this 4th day of December, 2019.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court