**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| Dan Abelmann and the Estate of Leanne Abelmann, as successor-in-interest to Leanne Abelmann, deceased<br><br>  Plaintiffs and Counterclaim<br>  Defendants,<br><br>  vs.<br><br>SmartLease USA, LLC,<br><br>  Defendant, Counterclaimant, and<br>  Third-Party Plaintiff,<br><br>  vs.<br><br>Executive Housing Solutions, LLC; Ray Wurth, Don Gibson, and Richard Church a/k/a Chad Church, d/b/a Executive Housing Solutions, LLC; Ray Wurth, Don Gibson, Richard Church a/k/a Chad Church,<br><br>  Third-Party Defendants. | **ORDER DENYING MOTION IN LIMINE RE DIARY AND ORDER THAT THE DIARY MAY NOT BE MENTIONED IN PRESENCE OF THE JURY WITHOUT FIRST OBTAINING COURT APPROVAL**<br><br>Case No. 4:14-cv-040 |

Before the court is a motion in limine by defendant, counterclaimant, and third-party plaintiff SmartLease USA, LLC ("SmartLease") requesting that the court rule on the admissibility of some twenty-four pages of diary entries made by the decedent, Leanne Abelmann. Plaintiffs and third-party defendants oppose the motion on a variety of grounds.

The court is not persuaded that <u>all</u> of the twenty-four pages would be admissible at trial. Obviously, the diary entries are hearsay and it appears there are entries or portions thereof that may not be admissible—even as to Leanne Abelmann. For example, some of the entries contain multiple levels of hearsay and for some of the hearsay there may be no applicable hearsay exception or least

1

not one that can be ruled upon without satisfaction of certain evidentiary prerequisites.

Also, there are other parties to the case, including Leanne Abelmann's husband, and whether the diary entries may be admissible as substantive evidence as to them raises difficult evidentiary questions that will have to be resolved on an entry-by-entry basis. In some instances, the admissibility may be dependent upon whether other sufficient predicate evidence has either been admitted or proffered and is likely to be admissible.

For all of these reasons, SmartLease's shotgun approach of asking the court to rule in advance on the admissibility of all twenty-four pages of diary entries without a separate analysis for each entry is **DENIED**.

That being said, the court will comment on one of the arguments raised by those opposing SmartLease's motion. The argument is that none of the diary entries are admissible as an admission by a party opponent under the exclusion set forth in Fed. R. Evid. 801(d)(2) given that Leanne Abelmann is no longer a named party and has been replaced by her personal representative. More particularly, the argument is that (1) the Federal Rules of Evidence do not recognize a hearsay exception for "privity-based" admissions, and (2) admissions by a decedent are privity-based admissions in an action maintained by a personal representative of a decedent's estate.

The primary case relied upon for this argument is the Seventh Circuit's decision in <u>Huff v. White Motor Corp.</u>, 609 F.2d 286 (7th Cir. 1979) ("<u>Huff</u>")—a wrongful death case brought by the administrator of a decedent's estate. In addressing the issue of whether certain statements made by the decedent were admissible as admissions by a party opponent, the Seventh Circuit began its discussion by noting that privity-based admissions were generally admissible at common law. The court then addressed the contention of the decedent's estate that the statements at issue were not

2

privity-based (and hence not admissible as privity-based admissions) due to the contention that a wrongful death action is not a derivative one under Indiana law. The Seventh Circuit rejected this argument as being a "hypertechnical concept of privity." Id. at 290-91

The Seventh Circuit went on to state, however, that what governed was not what the common law rules governing privity-based admissions but rather the Federal Rules of Evidence—more particularly Rule 801(d)(2) governing admissions by a party opponent. The court concluded that Rule 801(d)(2) does not extend to privity-based admissions based on the specificity of its language coupled with the lack of mention of privity-based admissions. The court also noted what it deemed to be the silence of the Advisory Committee Notes on the subject. The court held that some other exception to the general rule against the admission of hearsay evidence would have to apply for the statements at issue to be admissible. Id. The court went on conclude, after an analysis of the statements at issue and the particular circumstances of the case, that the statements were admissible under the residual exception to the rule against admission of hearsay evidence that is now codified as Rule 807. Id. at 291-95.

Putting aside whether Rule 801(d)(2) extends to privity-based admissions as a general matter, there are courts that have reached a conclusion to contrary to Huff with respect to statements by a decedent in wrongful death cases. These courts have concluded that a decedent's statements can be admitted as admissions by a party opponent under Rule 801(d)(2) based on the conclusion that a decedent and the estate of the decedent are essentially the same for purposes of the Rule. See, e.g., Phillips v. Grady County Bd. of County Comm'rs, 92 Fed. App'x 692, 696 (10th Cir. 2004);("'[A] decedent through his estate is a party to [an] action' so that the decedent's statements are a 'classic example of an admission.'") (citing and quoting with approval Estate of Schafer v. Comm'r, 749

3

F.2d 1216, 1220 (6th Cir. 1984)); see also Tyrell v. BNSF Ry Co., No. 4:17-cv-04120, 2018 WL 2944529, at *6 n.4 (D.S.D. June 12, 2018) (discussing the conflict of authority).

In this case, while the undersigned believes the reasoning of the Sixth and Tenth Circuits to be the more persuasive with respect to whether statements by a decedent are admissible under Rule 801(d)(2) in wrongful death cases, this is not a wrongful death case. In many (if not most) wrongful death cases, the damages being sought are those suffered by the survivors as a result of the decedent's death and not (or not necessarily) the decedent's own damages. See generally 22A Am. Jur. 2d Death §§ 3, 72-73 (Feb. 2020 update). Here, however, the claims being asserted here are "survival claims" under North Dakota law. That is, they belonged to Leanne Abelmann prior to her death and the personal representative now is simply pursuing them on behalf of Leanne Abelmann's estate. See, e.g., Sheets v. Graco, 2008 ND 147, ¶12, 752 N.W.2d 618 (characterizing a survival action as one that continues an injured person's claim after the person's death as opposed to a wrongful death action where the survivors are suing for their own injuries). In this situation, the reasoning of the Sixth, and Tenth Circuits is even more on the mark with respect to the decedent and the decedent's estate being essentially the same "party" for purposes of Rule 801(d)(2).

Finally, when this case commenced, Leanne Abelmann was alive and a party plaintiff in her own name. It was only upon her untimely death after commencement of this case that a personal representative was substituted to prosecute her claims. To conclude that admissions by Leanne Abelmann are not now admissible as admissions by a party opponent as to her claims—even though they would have been admissible had she not met her untimely death—would exalt form over substance and be an overly mechanistic application of the term "party" in Rule 801(d)(2).

In fact, in a case where one of the named defendants died after the case was commenced.,

4

the Third Circuit concluded the Federal Rules contemplated that statements by the decedent in this situation could be admitted as admissions of a party opponent under Rule 801(d)(2). Further, the court rejected one of the arguments made by the parties here that a decedent party's statements should not be admitted because of the decedent's unavailability for cross-examination. The court stated:

> The defendants have challenged the admission of a series of statements made by the MCTA chairman, Bogen, during the period from April, 1983 to October, 1985. Defendants argue that "[t]he flaw in such testimony is that it was hearsay, the declarant Bogen being deceased at the time of trial." Appellant's Brief at 9.
>
> * * * *
>
> At the outset, we note that Bogen was a party to this action in his official capacity despite the fact that he was deceased at the time of trial.9 Rule 801(d), which plaintiffs argue applies to Bogen's statements, provides:
>
>> Statements which are not hearsay. A statement is not hearsay if—
>>
>> . . . .
>>
>>> (2) Admission by party-opponent. The statement is offered against a party and is (A) the party's own statement, in either an individual or a representative capacity. . . .
>
> Fed.R.Evid. 801(d)(2)(A).
>
> The defendants argued during oral argument that admission of these statements is not supported by the theory underlying the admission into evidence of admissions, namely, their inherent reliability. The Advisory Committee Notes state that "[n]o guarantee of trustworthiness is required in the case of an admission." Fed.R.Evid. 801(d)(2). In support of their position, the defendants cited during oral argument the Advisory Committee's statement that "[a]dmissions by a party-opponent are excluded from the category of hearsay on the theory that their admissibility in evidence is *the result of the adversary system* rather than satisfaction of the conditions of the hearsay rule." Id (emphasis added). They argue that since Bogen is now deceased, the admission into evidence of his statements is not justified as it cannot be accomplished within an "adversary" context.
>
> However, we also note that the Advisory Committee called for "generous treatment to this avenue of admissibility." Id. Moreover, the Advisory Committee Notes to Fed.R.Evid. 804(b)(3) suggest that a deceased party's statement will be admissible under Fed.R.Evid. 801(d)(2) as the Notes state that, "[i]f the statement is that of a party, offered by his opponent, it comes in as an admission [under Rule 801(d)(2) ] and there is no occasion to

inquire whether it is against interest, this not being a condition precedent to admissibility of admissions by opponents." Since unavailability of the declarant is a prerequisite to admissibility under Rule 804, it follows that the Advisory Committee must have contemplated cases in which a *party* is no longer available. See also J. Wigmore, IV Wigmore on Evidence § 1049 at 8 (1972) (subheading entitled, "Admissions, distinguished from the hearsay exception for statements of facts against interest; *death not necessary*.") (emphasis added).

Although this is an issue of first impression in this Court, we have, on a prior occasion, suggested that an admission by a party-opponent may be admissible when the party is deceased at the time of trial. In Pollack v. Metropolitan Life Ins. Co., 138 F.2d 123 (3d Cir.1943), we stated:

> 'The statements made out of court by a party-opponent are universally deemed admissible when offered against him.' While it is true that statements are extra-judicial, and technically hearsay, since the witness offers the statement of another as proof of the fact alleged in the statement, yet since the statement is that of the party himself, he can hardly be heard to complain that he cannot cross-examine himself as to his own utterances. The rule is well settled, of course, that for an admission to be available as evidence against a party the declarant need not be dead or otherwise unavailable.

Id. at 125 (quoting 4 Wigmore on Evidence § 1048 (3d Ed.1940)) (footnotes omitted). If a declarant "need not be dead," it logically follows that the declarant could be dead. See also United States v. Young, 736 F.2d 565, 569 (10th Cir.1983) ("[i]n a case with facts similar to this, it was held that statements made by a witness who died prior to trial would be admissible under Rule 801(d)(2)(A) [pertaining to admissions by a party opponent], (B), and (E)"). Further, we note that several courts have held that a statement by a declarant, deceased at the time of trial, may be admissible under the vicarious admission provision in Fed.R.Evid. 801(d)(2)(D). See, e.g., Pino v. Protection Maritime Ins. Co., 599 F.2d 10, 13 (1st Cir.), cert. denied, 444 U.S. 900, 100 S.Ct. 210, 62 L.Ed.2d 136 (1979); Cedeck v. Hamiltonian Fed. Sav. & Loan Ass'n., 551 F.2d 1136, 1138 (8th Cir.1977). We believe the better view is that the fact of the declarant's death impacts on the weight of the evidence rather than its admissibility. See J. Wigmore, Wigmore on Evidence §§ 1055, 1056 at 23 (1972) (acknowledging in a subheading entitled, "Weight of Admissions," that "there is a general distrust of testimony reporting any extrajudicial oral statements alleged to have been made, including a party's admissions.") (footnote omitted) (emphasis in original). Accordingly, we will affirm the district court's ruling on the admissibility of the challenged statements.

Savarese v. Agrise, 883 F.2d 1194, 1199-1201(3d Cir. 1989).

Finally, because it appears the court will have to wait until trial to rule during on the admissibility of the diary entries proffered by SmartLease as well as those that may be proffered by the other parties in rebuttal if any of the diary entries favoring SmartLease are admitted, the court

6

hereby **ORDERS** that the parties may not mention in the presence of the jury the diary or the diary entries until a ruling is sought as to their admissibility out of the presence of the jury.[1]

**IT IS SO ORDERED**

Dated this 3rd day of April, 2020.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court

---

[1] While the court is open to suggestions on how to handle the diary entries, most likely what will happen so long as plaintiffs do not seek their admission is that the court will defer ruling on the issue until it hears all of SmartLease's other evidence. At that point, if Smartlease seeks admission of one or more diary entries, the court may have to excuse the jury for a day while it rules on the entries one-by-one. Finally, it does appear there is something for everyone in the diary entries. With the likelihood of some of the entries being admissible at least as to decedent Abelmann, the parties should consider putting the technical objections aside and allow the jury to see all of the entries, except, perhaps, those that are clearly irrelevant. That is, leave it to the common sense of the jury and save the time and expense of having the court resolve highly technical evidentiary questions as well as avoid a possible retrial two or more years later over something that, at the end of the day, likely would not move the needle in terms of the outcome.