**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Dan Abelmann and the Estate of Leanne Abelmann, as successor-in-interest to Leanne Abelmann, deceased<br><br>Plaintiffs and Counterclaim Defendants,<br><br>vs.<br><br>SmartLease USA, LLC,<br><br>Defendant, Counterclaimant, and Third-Party Plaintiff,<br><br>vs.<br><br>Executive Housing Solutions, LLC; Ray Wurth, Don Gibson, and Richard Church a/k/a Chad Church, d/b/a Executive Housing Solutions, LLC; Ray Wurth, Don Gibson, Richard Church a/k/a Chad Church,<br><br>Third-Party Defendants. | ) | **ORDER RE MOTIONS IN LIMINE SEEKING TO EXCLUDE EVIDENCE OF PHOTOGRAPHS TAKEN AFTER MARCH 1, 2013 AND EVIDENCE OF SECURITIES LAW VIOLATIONS**<br><br>Case No. 4:14-cv-040 |

Before the court now are two additional motions in limine brought by defendant, counterclaimant, and third-party plaintiff SmartLease USA, LLC ("SmartLease'). The court has set forth in some detail the background of this case in its prior order addressing the motions in limine seeking to exclude or limit SmartLease's evidence of damages.

## I. DISCUSSION

### A. Motion in limine re photographs taken after March 1, 2013

SmartLease seeks an order precluding introduction of any photographs taken after March 1, 2013 (the date plaintiffs issued its lease termination notice to SmartLease) as being irrelevant to any

issues in this case. Plaintiffs and third-party defendants oppose the motion.

The court rejects SmartLease's arguments that any photographs taken after March 1, 2013, are necessarily irrelevant. For example, with proper foundation, a picture taken after March 1, 2013, might be admissible to show a condition existing prior to that date. Further, there may be photographs that are admissible as to issues unrelated to whether plaintiffs were justified in declaring their lease with SmartLease terminated as of March 1, 2013. For example, there may be photographs that are admissible as evidence of SmartLease's purported noncompliance with one or more of its obligations under its sublease with third-party defendant Executive Housing Solutions, LLC ("EHS") that EHS contends excused its alleged failures to perform under the sublease that are the basis for SmartLease's breach of contract claim against EHS. Finally, there may be photographs that are admissible for some purposes but not as to others and the court will have to decide whether to exclude a particular photograph on Fed. R. Evid. 403 grounds or allow it subject to a limiting instruction to the jury.

**B. Motion to exclude evidence of purported securities laws violation**

SmartLease seeks an order excluding any evidence offered for the purpose of proving that it was in violation of federal and state securities laws. The third-party defendants oppose the motion.

The court is highly skeptical of the third-party defendants' claims that evidence of purported securities law violations by SmartLease are relevant for any purpose in this case or, even if marginally relevant, why the evidence should not be excluded under Fed. R. Evid. 403. Further, given the court's rulings with respect to the motions in limine pertaining to the damages being claimed by SmartLease, it appears that the third-party defendants' arguments for relevancy are even

further diminished, if not eliminated entirely.

## II. ORDER

Based on the foregoing, the court rules as follows:

1. SmartLease's motion to exclude photographs taken after March 1, 2013, (Doc. No. 201) is **DENIED**. The court will rule on the admissibility of photographs as they are presented.

2. SmartLease's motion to exclude evidence of securities law violations (Doc. No. 204) is **GRANTED TO THE EXTENT** that a party may not, without first obtaining permission from the court, (1) make mention of alleged securities law violations in the presence of the jury, or (2) offer evidence for the purpose of proving alleged securities law violations.

**IT IS SO ORDERED**

Dated this 13th day of May, 2020.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court